Hunt v. Bennett.

————•♦•————

## HUNT v. BENNETT.

An answer to a petition in replevin, after denying the averments of the petition, alleged in reference to the property described in the petition, " that he, the said defendant, is rightfully entitled to the property, and to the possession thereof;" held, that this allegation is not new matter, and amounts to nothing more than a cumulative responsive denial of plaintiff's rights, and need not be specifically denied, under § § 1741 and 1742 of the Code.

Where an objection to pleadings was not first raised in the court below, it should not be entertained by the supreme court.

In an action of replevin, where the jury return a verdict, " We the jury find a verdict for the defendant of fifty dollars," it is not error in the court to refuse a judgment ordering the property to be restored to the defendant. Such a verdict is not inconsistent with plaintiff's right to the property.

*Appeal from Muscatine District Court.*

*Opinion by* GREENE, J. This was an action of replevin commenced by Joseph Bennett against Geo. W. Hunt, for two hundred pork barrels and other articles. The cause was submitted to a jury, who returned a verdict in favor of

the defendant for fifty dollars. The court rendered a judg-ment against the plaintiff accordingly, and adjudged that each party should pay his own costs. Upon the verdict, defendant's counsel moved the court for a judgment against the plaintiff, for the return of the property replevied ; but the court overruled the motion:

1. A question is raised in this court in reference to the state of the pleadings, which does not appear to have been in any way decided by the court below. It is claimed that defendants answer set up new matter, under § 1741 of the Code, and that it amounts to an affirmative allegation, not responded to, and should therefore be taken as true ; § 1742. The averment referred to is the concluding words of the answer, in which it says that he, the defendant, is " right-fully entitled to said property, and to the possession thereof." This is not new matter. It amounts to nothing more than a cumulative denial of plaintiff's right to the prop-erty and possession, by averring the right to be in defend-ant. The answer first denies the allegations of the petition, in which the plaintiff claims the right to the property and the possession, and in conclusion affirms that which amounts to nothing more than such denial. This cannot be consid-ered new matter, requiring a specific admission or denial, for it is in itself nothing more than a responsive denial of the petition, in the form of an affirmative allegation.

It was held in *Pringle* v. *Phillips*, 1 Sandf., 292, that if the declaration allege title in the plaintiff, and the defend-ant plead any matter showing special title in himself, he must still traverse the plaintiff's title. The issue must be joined on the latter, and the defendant's special right, or property, will, as evidence, sustain him in his traverse.

The petition in the case at bar, claims the title to the prop-erty, and the right of possession to be in the plaintiff. The answer claims the same right to be in the defendant. The issue, then, is distinctly presented to the jury, to be deci-

ded according to the evidence, whether the plaintiff or the defendant was entitled to the property.

Besides, this objection to the pleadings was in no way raised in the court below, and therefore should not be entertained in this court.

2. We now come to a point that was raised in the court below. It appears by the bill of exceptions, that the jury returned the following verdict: "We, the jury, find for the defendant fifty dollars." On this verdict defendant's counsel moved the court for a judgment for a return of the property replevied. This motion was overruled, and defendant took exception to that decision. This court is now called upon to render such a judgment as the court below should have rendered. That court rendered a judgment in accordance with the verdict, and this court must do the same. From the verdict it can only be inferred that the plaintiff was entitled to the property he had replevied, by paying the defendant the sum of fifty dollars. This appears to have been the opinion of the district judge, before whom the evidence was submitted, as indicated by his overruling the motion, and by deciding that each party should pay his own costs ; Code, § 1811.

If the jury had found the right of property to be in the defendant, it is to be presumed that they would have returned that fact in their verdict. As the verdict did not award a return of the property to the defendant, it may be inferred that they found that the plaintiff had a right to retain it. Such a verdict, at least, is not inconsistent with plaintiff's title to the property.

If defendant's counsel had reason to believe the verdict not in accordance with the evidence, an effort should have been made for a new trial.

If the verdict had been for the defendant generally, or for the defendant on the issue joined, he might with propriety claim a judgment *de returno habendo*, unless it appeared on the trial that the defendant was not

entitled to the property, and in that event the court should direct the jury to correct or return a more specific verdict.

In *Johnson* v. *Howe*, 2 Gilman, 342, it was held that on a verdict for the defendant, he was not entitled to a writ *de returno habendo*, in an action of replevin, where *non detinet* was pleaded, and where defendant showed no title or right of possession in the property.

We infer from the ruling of the court below in this case, and from the verdict of the jury, that defendant showed no title or right of possession in the property, but showed that he was entitled to fifty dollars from the plaintiff for something connected with the property replevied.

As we have none of the evidence before us, we are not advised of the facts upon which the verdict is founded. But from the record before us, which shows no error, we must take it for granted that the verdict and judgment are correct.

                                        Judgment affirmed.


*Cloud* and *O'Connor*, for appellant.

*Stephen Whicher*, for appellee.